**Bert M. COLBERT, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Respondent-Appellee.**

**No. 71–2255**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

. Nov. 4, 1971.

---

* [1] Rule 18, 5th Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

a state prisoner. In 1967 petitioner was convicted in Texas of possession of marijuana and heroin and sentenced to fifteen years in prison. On November 9, 1970 he applied for habeas corpus relief to the federal district court, asserting various infirmities in his state conviction. The order to show cause issued and counsel was appointed. On December 9 the State answered and moved to dismiss. On December 14, approximately a week before petitioner's responsive pleading was due, he moved that his appointed counsel be replaced on the ground that counsel was a civil practitioner not experienced in criminal law. This motion was denied. Subsequently the case was transferred to a different district judge in the same district. On May 27, 1971 the district court denied all relief, adopting, without a hearing, the Findings, Conclusions and Recommendations of a United States Magistrate.

■ As a result of the change of judges, the motion to replace counsel, appointed counsel's unfamiliarity with criminal law, and probably other factors, petitioner's counsel did not actively participate in this case until he filed a brief with this Court on September 7, 1971. Petitioner was thus completely denied assistance of counsel in the court below. His case was decided solely on his hand written pleadings without, as far as we can tell from the record, reference by the Magistrate to the state court record or the state court's findings in the state habeas corpus proceeding.

We realize six months elapsed between appointment of counsel and the district court's order. It thus could be inferred that petitioner's counsel did not participate in this case as vigorously as he should have. On the other hand, the request for replacement of counsel, the change of courts, and counsel's apparent belief that a hearing would be held before the court ruled may provide an explanation for his inaction. We believe justice will be best served by remanding to the district court for further proceedings. Counsel for petitioner should be allowed to file pleadings presenting the

---

Kelvin Wyrick, Dallas, Tex., for petitioner-appellant.

Crawford C. Martin, Atty. Gen., Robert Darden, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

This is an appeal of the district court's denial of habeas corpus relief to

contentions made to this Court to the district court for whatever action the district judge deems appropriate.

Since the case must be remanded for further proceedings, we call to the district court's attention a decision of this Court rendered after action on the case below which relates to the grant of the certificate of probable cause by the Magistrate's action alone. *See* Stewart v. Beto, 5th Cir. 1971 [No. 71–2099, slip opinion dated October 1, 1971].

Remanded with directions.